Case number 21-4229, Travis Soto v. Brian Siekfer. Oral argument not to exceed 15 minutes per side. Mr. Mierski, you may proceed for the appellant. Good morning, Your Honor, and may it please the Court. Sean Mierski for Mr. Soto, and I'd like to reserve three minutes for rebuttal. Very well. This case calls upon the Court to apply well-settled rules and principles from the double jeopardy context to a relatively new context, plea hearings. Doing so makes two things clear. First, jeopardy attaches to all pending charges when a plea hearing begins, because that is the equivalent point to the start of a jury trial or the start of a bench trial. What's your best authority for that? For which proposition, Your Honor? That jeopardy attaches at the beginning of a plea hearing? So as we've noted, the Supreme Court has not answered this question directly, but the case law establishing that jeopardy attaches at the analogous point in jury trials and bench trials is, I mean, it goes back decades. Okay, that's different. That's analogous. I think you do have authority, don't you? Is it the Tenth Circuit case? Yes. You have the Tenth Circuit on your side, but you have all the other circuits the other way, right? Well, and there's also four state high courts that have gone in our favor on this point, although, admittedly, two of them in dicta. Okay, all right. I mean, tell me why we ought to follow the Tenth Circuit then. Well, I guess I should step back and I think highlight a methodological difference between us and the state. The state's attitude here appears to be that the Supreme Court has ruled the jeopardy attaches in such and such points in certain contexts, and that's essentially the entire field. But I just don't think that's the way that courts have treated double jeopardy, nor is that the way that courts really treat any constitutional protection. Can I ask you a related question, but different in kind? And this is, I'm sorry, it's just from my experience. So there's two ways prosecutors typically dismiss charges, one's without prejudice and one's with prejudice. It seems pretty clear if they dismiss a charge with prejudice, then jeopardy attaches. It seems pretty clear if they dismiss a charge without prejudice, it doesn't. Where am I wrong? So that distinction makes more of a difference before jeopardy attaches. So in the context of, let's say, a dismissal with prejudice. If they have a plea agreement and they're dismissing four charges without prejudice and three with prejudice, if the involuntary manslaughter, in my hypothetical, is one of the without prejudice charges, you're saying jeopardy still attaches? I think in that context where you have a plea agreement that's explicitly distinguishing between the way charges are dismissed, that there's, at minimum, I think there might be a termination issue rather than an attachment issue. But if I can, it's fine, however you want to. So you'd say it attaches at the beginning of the plea hearing, but what? There's no termination? I think it would be a difficult issue. I guess the response I would have is that if a trial began and it was just absolutely clear that jeopardy had attached to all charges, and a prosecutor dismissed a charge allegedly without prejudice, in that case, I think there would still be a bar to re-prosecution under the double jeopardy clause. And I think the case law is fairly unanimous on that point. The big difference there is that jury, when the trial begins, has the power to determine the defendant's guilt as to the claim you're talking about. Whereas, I mean, correct me if I'm wrong, but it seems to me when you commence a plea hearing and you have just the district judge there, that judge lacks authority to enter a determination of guilt unless the defendant pleads guilty as to a particular charge. Is that accurate? That's accurate. But under cases like Martina's, it's clear that the chance of conviction on a particular offense is simply not. But it's not about chances. It's really, it's akin to jurisdiction. It's about power. I mean, it seems, I'll just begin. I mean, when I read, like, that Surfass case or whatever, I mean, some of these cases, I mean, the sense I have is that number one, attachment does, double jeopardy doesn't attach to proceedings. It attaches to claims, and the analysis is always specific to claims, you know, lesser included charges, et cetera. And number two, that jeopardy attaches to a charge when a fact finder empowered to determine guilt comes into being in a particular proceeding. Usually a trial, but not always a trial. And that just didn't happen here, it seems, as to the involuntary manslaughter charge. So two points on that. First, I'd respectfully push back against that understanding of the double jeopardy clause. I think the inner logic of the double jeopardy clause cases that we see from the Supreme Court is that there comes a time in every single criminal prosecution where the prosecution has advanced sufficiently far that it would become fundamentally unfair for the prosecution to then have another go at prosecuting the defendant for the same offenses. Is that time like a Rule 11 plea? Well, so I think it just seems kind of early. I don't think it's, it's not necessarily a time as measured by, you know, looking at a clock. I think it's more, is there, have we reached the point where there is a witness on the stand giving evidence testifying as to the guilt of the defendant? And in a plea hearing that's. But see, I guess we're, I just want to finish the sentence, you know, sometimes when I hear that argument, as to a charge. You know, he, your client, I assume you're referring to, he testifies to his own guilt in a plea hearing as to the charge to which he pled guilty. But he's not, he's not, he's not saying a word about the involuntary manslaughter charge. The court couldn't say at the end of that, and by the way, based on your testimony, I'm finding you guilty of involuntary manslaughter as well. That's true, but that's a slightly different question, and I'd make two points on that. So first, when my client or any other criminal defendant begins testifying at a plea hearing, it is true that he may not be convicted at the end of it on the charges that are being dismissed, but he is certainly putting himself into jeopardy as to those charges. There's just no doubt that. That's how, that's what I, as to the one he's not going to, if he doesn't plead guilty, there's no risk. There's no power, is my point. Well, so. There's no power to find him guilty at the end of that procedure. Yes, at that particular moment. But there's no doubt that he's admitting his factual and legal guilt, and that admission is one that can be used against him against, on that other charge. And so, if it was true that. That depends on the contents of the plea. Admittedly, but in almost all cases, I think it's fair to say that the admission of guilt to the charge of offense is going to be relevant to the other offenses. But, I guess, stepping back for a second, I think the broader point here is a lot of, hold on, a lot of defendants won't talk about the other offenses. In other words, your guy didn't go in and say, oh, and by the way, I really killed this kid until after. Sure, but when he admitted that he, in the course of admitting to the child endangerment charge, he admitted several factual and legal propositions that would have been used in the prosecution of an involuntary manslaughter charge. And so, I think the charges are just sufficiently related that that's true. But regardless, I think the, stepping back for a sec, I think it simply has to be the case that a prosecutor cannot consummate a plea agreement on a Thursday and then the following day re-bring the dismissed charges. Now, wait, wait. Oh, go ahead. Wouldn't that be a matter for the plea agreement to police, though? No, for several reasons. I mean, first, I think the state accepts the general proposition that you can't. It doesn't sound fair. I agree with you, but go ahead. Right, and I don't think the state's going to get up here and tell you that the prosecution can do that. And I do think the state suggests that. Well, if it's dismissed without prejudice, they certainly can do it, can't they? I don't think so. I don't think at any point. Wait, what's the without prejudice mean, then? Well, you would say that a dismissal without prejudice is the same as with prejudice, right? Once jeopardy is attached, absolutely. That's, Ohio law states that a no-prosecute post-attachment acts as a bar to re-prosecution. And that's regardless of whether it's with prejudice or without. Okay, well, isn't that your better claim? There's a breach of the plea bar? If that is the law in Ohio, I mean, the dismissal here just indicated it was dismissed. But if your position is in Ohio that means with prejudice, that's your better claim, isn't it? Rather than double jeopardy? Well, that's only true if jeopardy has attached. And I think that really is the heart of this case. And I think that's where primarily the state's disagreement with our position comes in. Okay, can't you have a breach of a plea agreement absent jeopardy attaching? Yes. Okay, in fact, the Ohio Supreme Court talked about that. But they said it was not an issue in their case. Correct. And let us be clear. If the state gets up here today and commits on the record to saying that this plea agreement would have been breached if the prosecution had brought any of the dismissed charges or any lesser included charges, we'd be in trouble. The state is not going to say that. And there's a couple different reasons for that. I assume one thing the state will point out is that if you actually look at the text of this particular plea agreement, there is no promise by the state not to bring dismissed charges again. There's nothing in the plea agreement that would prevent them on that Friday from filing the new charges. And yet everyone concedes. But just like the Ohio Supreme Court didn't go there. They didn't go to whether there was a breach of a plea agreement. They're strictly looking at the constitutional argument, whether there's a double jeopardy violation. That's all we're doing on habeas here. We're not going to rule on Ohio plea agreement breaches or not. That's correct. And we agree with that. I think our point is simply that there is a universal expectation in every single one of these. Okay. Do we, is the Constitution, all right, maybe the Constitution is based somewhat on expectation. But it depends on what the rights are, as opposed to do I expect a right or do I have a right? Yeah. And I guess I'm not really going to expectation so much as making the point that there is this universal understanding that this is the way plea bargains work. If it was true that the day after a plea, a guilty plea, the prosecution could come back and recharge dismissed offenses, this time relying on the incriminating testimony at the actual plea hearing, no one would be signing these plea agreements. So that's, wait, but that's the dismissal. To me, that's with prejudice, without. Now, this CKB state case from the state of Ohio in 2015 says that a nollie cross is without prejudice to re-indictment. Right. I mean, before, before a jeopardy attachments, that may be the case, but post attachment of jeopardy, then it does not make a difference. Right, but you need attachment. So you need, you absolutely need it's jeopardy to attach at the beginning of the plea hearing. Not necessarily. I mean, our fault, our, we think that's the best view of the law. Can I ask, if it was with prejudice, you wouldn't need that, right? You agree. If the defendant, if the prosecution had dismissed the charges with prejudice before a plea hearing, we agree that would be enough. No, after the plea hearing, same plea agreement, they agree to dismiss with prejudice. Yes, I think we would agree that that would be enough as well. What's your fallback? Go ahead. What's your fallback? Oh, simply that if jeopardy doesn't attach at the beginning of the plea hearing, that at minimum it attaches when the plea of guilty is accepted and the other charges are dismissed pursuant to it. And why would it attach as to this charge when he pleads guilty to a different charge? Your Honor, may I respond? It's not even read yet. Go for it. It's about to. The, if we look at the case of Finch from the Supreme Court, that was a bench trial on stipulated facts. And so you can easily imagine a circumstance where the stipulated facts are such that it is quite literally impossible to convict a criminal defendant on a particular charge. And so that the result of the bench trial, everyone knows going in, is going to be perhaps a judgment of guilt on one charge and definitely dismissal of the other charge. Or, you know, and so in that case, nonetheless has power over both. Well, the court in the plea hearing has, I mean, at the end of the plea hearing, does not have the power to, correct me if I'm wrong. That's why we're having this conversation. The court does not have the power to convict your client unless your client chooses to plead, which is a, you know, a unique thing. It's not putting in evidence to plead guilty. The court doesn't have the power and never had it. That's kind of my hangup with your argument. Right. And I think our point is simply that if you look at Supreme Court case law, the court has never suggested it's a question of power. It's just a question of when a certain point in the proceedings has been reached, because otherwise a fair way to, yeah, so I don't want to, I'm good for now. That's a nice distillation. All right. Any further questions at this time? Otherwise, you'll have your three minutes revolt. Thank you. Morning. Judge Griffin, Judge Kethledge, Judge Lepar, may it please the court. You've been hanging around here a lot lately. Yes, I have. It's a good place to hang around. We think there are multiple doctrinal pathways to affirming the district court's rejection of Soto's habeas, including attachment, which is where I'm going to focus, but also the Supreme Court's recent emphasis that habeas is always discretionary. But as to attachment, I think the question in the discussion so far has focused on where the Supreme Court has focused the question. That is, what is the power of the tribunal that the person pleading, what is the power they have to deal with those charges? That's the language from surface. What did that court have the power to do? And because of the dismissal, it didn't have the power to convict. And here, the plea hearing was a change. Dismissed with prejudice. So I keep going back to this. Is your argument the same? It's dismissed with prejudice. They don't have the power. Could you bring a charge dismissed with prejudice after the plea hearing? I think that would be a matter of Ohio law that would be blocked there. But here, we don't have that in terms of the dismissal here. And because of that, this plea hearing is just about the child endangerment charge. And that means there's no power as to the key charge here, involuntary manslaughter. What's your thought as to whether the court would actually have power to enter a dismissal with prejudice? That's kind of a mere instinct. But anyway, what's your thought on that? As to whether the court would have the power to dismiss the charge? You're talking about the involuntary manslaughter charge? Correct. The unfled, you know, charge. I don't think the court has the power. I mean, when prosecutors dismiss charges, that is something that's a function of prosecutorial discretion. Sure. Outside of... Wait, at least in my experience, I'm not in Ohio State Court. In federal court, when the United States says, you plead guilty to count one, we'll dismiss counts two through five, the presumption is with prejudice unless they specifically reserve. I know Ohio's different. I read the Ohio cases and they say the presumption is without prejudice. I get that. But it can't be that when a judge dismisses a charge with prejudice, you can bring a charge, you can bring that same charge. Yes, I think that is right. If the judge makes a ruling that is with prejudice. I don't think that's true here because the dismissal here was entered, I think, even though it doesn't say this on the docket, but the Ohio appellate court treated it as a nulla prosequae plea. That's something that's in the hands of the prosecutor. The judge has a very narrow range to not accept that dismissal. And that means, to get back to the question of power, where the Supreme Court is focused, the attachment question is, there's not power at this proceeding to do anything unless Sotomayor were to surprise everybody and walk in and plead guilty to find him guilty of the involuntary manslaughter. The power is simply absent there. In fact, after the... Let me ask you this. Why do defendants plead guilty if not in exchange for dismissal counts? And if that's not binding, why would they ever enter a plea? Well, it is binding as a matter of Ohio law. And the Ohio Supreme Court has been quite aggressive in... Not binding, I'm sorry. So the dismissal is binding? Well, the plea agreement as a matter of plea law, which is essentially contract law, that's how the Ohio Supreme Court would enforce a question like that. And as you noted, I think, in your discussion with my friend, that claim simply wasn't something that Soto preserved when he appealed exclusively on double jeopardy. Is it your position that absent such an agreement, that the state is free to recharge the defendant who pled guilty to claim A and dismissal of B, the state is free to recharge B the next day? Well, yeah, dismissal absent some kind of plea, yes, does leave the door open to recharging. That's certainly true. Getting back to this habeas case where we're addressing the constitutional issue of double jeopardy, I mean, does this have anything to do with double jeopardy? I don't think it does. I mean, we're talking about enforcing plea agreements under Ohio law, and I don't see how this has anything to do with the attachment of jeopardy. Just to make my question clear, the implication would be, I think it's kind of the argument that the other side is making that, geez, maybe jeopardy must attach because otherwise you could have this patently unfair, almost unconscionable outcome where the person's charged the very next day, you know? Well, to me, it doesn't make a constitutional violation. Well, that's my question. It may be under contract law, a breach of the plea bargain, and that was the whole point that the Ohio Supreme Court made in the opinion, is we're not doing that here, and, okay, whether or not there could be a breach of the plea bargain, we're not there. We're talking about whether there is a federal double jeopardy constitutional violation under these circumstances, which is a separate issue. I agree, Your Honor. It's only about the double jeopardy clause. I think it's all, we've talked earlier, when does jeopardy attach, and when is he subject to perhaps being convicted of the charge of involuntary manslaughter, and I don't see that he ever was, that the hearing was to accept a plea as to reckless endangerment with the dismissal of the other charge, but I fail to see how he was ever in jeopardy as to the involuntary manslaughter by pleading guilty to the reckless endangerment, so I think that's the case here. All right, I certainly get no disagreement with you on that point. Let me make these observations about the plea there. If the judge were to somehow reject, which is a very narrow scope, the dismissal of the prosecutor, those are the first words of the prosecutor's mouth, that there's a very short change of plea hearing. We're dismissing the involuntary manslaughter charge. The only way that Soto could have been convicted of that was at a later proceeding, right? He would have had to change his plea on that, then you'd have the questions about jeopardy attachment. The judge would have had to reject the plea bargain, say I'm rejecting this, okay, then at that point he's back at the jeopardy as to the charge, if there's a subsequent proceeding, you're correct? Right, and then we would look at the rules of attachment there. It would be either he would later down the road plead guilty to that, or he would face a jury, or he would face a bench trial, but those are not things that would happen at that proceeding. In fact, in these Ohio proceedings, you can look at Ohio's, they have a criminal rule 11 that is like but different from the federal one. 11c4 says you don't even take testimony at plea hearings. Soto was not under oath. So even as to the charge that he was facing there, there wasn't testimony like you have at a bench trial, or stipulated fact, or a jury. So it doesn't, even as to the charge that was on the table there. What was the factual basis then for accepting the plea to reckless endangerment? Was it the precepts report, or the law? Well, so Ohio does not have a parallel factual basis requirement for felony cases like federal criminal rule 11, and we pointed to, I think it's on page 32 of our brief, this case from about four or five years ago from Ohio Supreme Court called City of Girard, and it mentions there is an Ohio statute that has this what they call a facts and circumstances requirement for misdemeanor pleas. There's no parallel for federal, I'm sorry, for felony cases like in the federal. The discussion we just had, if Ohio agrees to dismiss with prejudice, and they still bring the charges, is it a breach of plea agreement, or could the defendant argue that's also a potential double jeopardy? It certainly is a plea agreement question. If a judge has on the docket said this is a dismissal with prejudice, then I think, I guess it relates to Ohio law, then I think that would be a potential double jeopardy claim as well. Because it's been dismissed, which makes it the equivalent of deciding the charge in a way that is substantive, that's the way the Supreme Court has thought about sort of the attachment and termination. Is it a substantive judgment about criminal liability? There's nothing like that here, right? That's another way the Supreme Court has thought about double jeopardy, less of the attachment, but more of the termination. Is what happened here, a dismissal that was without prejudice, that would not attach jeopardy, would not convict for things down the road, is it any kind of judgment about criminal liability? To take the language from say Evans v. Michigan. So in a plea hearing, one clear line that could be drawn is a dismissal with prejudice, jeopardy attaches, a dismissal without prejudice, no jeopardy attaches. If you independently promise not to prosecute on a dismissal with prejudice, it's a breach of a plea agreement. Yeah, that may be a breach of a plea agreement. Here, there would be arguments if we went down that road, which again, we're left behind in the Ohio court. No, I get that. I'm just trying to lay out the rule as I would understand it. I get the attachment and termination and all the language we use with jury trials. And we're trying to import it here, but it seems like there's a clear bright line rule. That's all I'm suggesting. I think that is fair, that the first thing you would turn to in those situations, and the Ohio Supreme Court has aggressively enforced this, would just simply be the prosecutor has gone back on a promise about what they have promised in the plea agreement. And that's the most straightforward way to handle these problems without having to worry about the scope of the double jeopardy clause in a space where the Supreme Court has never definitively answered or really done much anything except for one offhand comment and rickets about the very latest of jeopardy attaches once they're sentencing. I don't want to stay up longer and overstay. Am I welcome if there are not other questions? We would remind that habeas is always discretionary. We think on neither the law or the facts here is habeas corpus warranted. Just a few quick points. So first, I think Judge Kethledge understood our argument exactly right. We agree with you, Judge Griffin, that the scope of the plea agreement is not directly at issue here. Our point is simply, though, that it has to be true that prosecutors cannot go back the day after a plea agreement is consummated and prosecute defendants on dismissed charges. It has to be true as a matter of federal constitutional law? Okay. I mean, you have to cite something rather than just say, I think this ought to be a rule. Well, no. Our point is simply that the state doesn't disagree with that. But at the same time, the state is not willing to admit that that is true for this plea agreement. And in fact, the state is going to argue it's not true for this plea agreement. I mean, I understand what you're saying to be, you know, this is sort of in an indirect way. It's probative in your view of the question whether jeopardy attaches and whether, you know, I mean, your view is, boy, it seems like something must prevent this under the law. And that's not, I mean, frankly, I don't think that's a crazy way to feel about it. It's the state's view as well. You know, but I mean, so if I may take my question up again, you know, one possible, a partial answer might be, well, if there's a plea agreement, that would police it. Another answer might be, you know, perhaps there's sort of common law doctrines. I don't know what they would be offhand. Analogous to sort of like, you know, I don't want to say fraud on the court. But, you know, something like, you know, hey, you know, one of these common law doctrines that polices sort of patent unfairness in judicial proceedings, whatever. I don't know what it would be. But there might be means other than, so here's my question. Are, you know, couldn't there be means other than attachment of jeopardy that would serve to prevent the sort of unfairness that I think most people would recognize in the hypothetical that you've given us? Right. So the short answer is the state has not come up with any, and we haven't either. The closest the state comes is they say plea agreements. But it's clear that the state's view is that this is going to be a plea agreement by plea agreement analysis. That plea agreements, like the foreign plea agreement that was used in this case, and undoubtedly thousands of other cases, isn't enough to qualify. And that in the future, courts are going to have to engage in satellite litigation over the scope of plea agreements. Were they breached? Were they not breached? There are also going to be, the floodgates are going to be open on ineffective assistance of counsel claims as to whether a defense counsel messed up by not putting provisions in their plea agreements saying, and oh, by the way, you can't bring dismissed charges the next day, even though, of course, everyone has always agreed that that's the rule. And so I- Why don't we avoid that by just drawing the simple line? They have to, if they say dismissed without prejudice, you're aware. And we did that in the U.S. Attorney's Office all the time. We said, look, we may bring these charges in the future. We're dismissing them without prejudice. And then on the other side, when we dismissed with prejudice, everyone knew we were never bringing the charges again. They were done that day. So defendants wouldn't enter into plea agreements, especially a plea agreement like this one, where they plead guilty to a particular offense for essentially nothing because the prosecution can always- It's not for nothing. So in a lot of instances, as I'm sure you well know, a defendant will agree, okay, they've got three counts against me. So we have this specific situation happening. Pill distribution, money laundering, fraud, okay? The pill distribution, they agreed to plea to get a lesser sentence and these charges were dismissed without prejudice to the government recharging if they decided, whatever, the sentence wasn't high enough or there was enough malicious conduct here that they wanted. Government brings those charges. Everyone knows government may bring those charges. You're still subject to it. That is often done in the federal system where they do. And so I don't see why that same analysis wouldn't play out in the state system and why the simple solution to avoid all the horrors you give, which I agree, there's some bad taste to this, but it's just why not draw a bright line rule and say, if you want it dismissed and not to be charged again, put in the plea agreements with prejudice. If you don't, if you want to be subject to it, put without prejudice. And then everyone knows the law. Judge Griffin, I see that my time has expired. May I answer the question? Please. So I think three responses. So first, that makes sense in the context of a plea agreement where the state agrees to recommend a lower sentence. In this case, the state was silent as to the sentence and there was no benefit to this agreement for my client other than the fact that these dismissed charges would not be brought again. And I think that you'll find that that's true across many plea agreements in the system. Second, we don't disagree that either the defendants or prosecutors can plead around whatever rule this court establishes. I think our point is simply that there has been a, there is a reliance interest on the understanding that prosecutors cannot do this and that reliance interest is not adequately protected by either what the state is saying or by this prejudice, non-prejudice distinction. That part sounds in breaching contract. In other words, you detrimentally relied, the US or the state of Ohio is violated and maybe the specific performance is the answer. But that all sounds in breach of Judge Griffin point in that. Well, it does. But first, I don't think this court wants to open the floodgates for that kind of satellite litigation in these contexts. But regardless, it's the double jeopardy clause is a clause that prevents. But that's already open. I mean, if the state breaches the plea agreement, you can bring litigation. But if the double jeopardy clause applies as the 10th Circuit has held and as we urge this court to hold, then those cases just don't come up. And I think that's just simply consistent with the purpose of the double jeopardy clause, which is, after all, to give the prosecution one fair shot at getting a conviction. And if the prosecution says, you know what, we're going to give up that chance for the certainty of conviction on a different charge, that is the bargain. And this court should not allow them when they find new evidence and realize they could have brought stronger charges to go back on that bargain. Thank you, Your Honor. Okay, thank you. This will be submitted.